## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORENA VANBENTHUYSEN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Civil Action No. _____ |
| | : |
| SUSQUEHANNA UNIVERSITY, | : *Electronically Filed* |
| | : |
| and | : |
| | : |
| ED CLARKE, Individually | : |
| | : |
| | : JURY TRIAL DEMANDED |
| Defendants | : |

## COMPLAINT FOR
## DECLARATORY, EQUITABLE, AND MONETARY RELIEF

Plaintiff, Orena Vanbenthuysen (hereinafter "Ms. Vanbenthuysen") claims damages upon a cause of action against the above-captioned Defendants, collectively and individually, whereof the following is a statement:

### JURISDICTION

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as a case arising under the laws of the United States. Jurisdiction is invoked pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

which provides for original jurisdiction of Ms. Vanbenthuysen's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

2.    Ms. Vanbenthuysen has exhausted all administrative remedies and has taken all other steps necessary to bring this action before this Court.

## VENUE

3.    Paragraphs 1 through 2 are incorporated herein by reference as though set forth in full.

4.    The actions complained of herein occurred within the jurisdiction of this Court and involve a Defendant who resides within its jurisdictional limits.

5.    Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and 1391(c) because one or more defendants can be found in the Middle District of Pennsylvania and events or omissions giving rise to Plaintiff's claims have occurred in the Middle District of Pennsylvania.

## PARTIES

6.    Paragraphs 1 through 5 are incorporated herein by reference as though set forth in full.

7.    Plaintiff, Orena Vanbenthuysen (hereinafter "Ms. Vanbenthuysen"), is an adult woman residing in Snyder County, Pennsylvania.  On December 2,

2013 Ms. Vanbenthuysen was fired from her position with Defendants after engaging in protected activity, taking intermittent FMLA leave for her own serious health conditions.

8.   Defendant Susquehanna University (hereinafter "Defendant Susquehanna University") is an educational institution authorized to conduct business in Pennsylvania.  It operates a place of business at 514 University Avenue, Selinsgrove, Pennsylvania 17870 and engages in commerce throughout Pennsylvania and the United States. It employs over 50 employees, controlled the terms, conditions, and privileges of Ms. Vanbenthuysen's employment, and is an employer pursuant to the Family and Medical Leave Act.  At all times relevant hereto, Defendant Susquehanna University is engaged in commerce or in any industry or activity affecting commerce and employs in excess of 50 employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant is thus an Employer as defined by the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, is liable for Plaintiff's damages, and is responsible for the acts of its supervisory employees including Defendant Ed Clarke.

9.   Defendant Ed Clarke (hereinafter "Defendant Clarke"), is employed with Defendant Susquehanna University as the Assistant Provost with

Susquehanna University.   In his position, either individually, or in conjunction with others, Defendant Clarke has the authority to hire, fire, demote, transfer, or discipline Ms. Vanbenthuysen, to set work schedules and pay rates, or to make other decisions that would affect the terms and conditions of Ms. Vanbenthuysen's employment.   He is being sued in his individual capacity for violations of the FMLA.   An "employer" for purposes of the FMLA includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." According to the FMLA's regulations, "[a]n 'employer' includes any person who acts directly or indirectly in the interest of an employer to any of the employer's employees . . . Individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of FMLA".   Because Defendant Clarke acts and acted, directly or indirectly, on behalf of Defendant Susquehanna University to its employees, he is an employer for purposes of the FMLA and is individually liable for Plaintiff's damages.   Additionally, Defendant Susquehanna University is responsible for the acts of its supervisory employees, including Defendant Clarke.

## FACTUAL ALLEGATIONS

10. Paragraphs 1 through 9 are incorporated herein by reference as though set forth in full.

11. Plaintiff, Orena Vanbenthuysen, is the mother of two school aged children and was employed with the Defendant Susquehanna University from January 11, 2010 until she was fired on December 2, 2013 soon after taking an FMLA leave to care for her own serious health condition.

12. At the time of her hire, Ms. Vanbenthuysen's title was Associate Director, Foundation and Government Relations (FGR) and earned $36,000 per year, along with benefits, including medical benefits for herself and her family.

13. In her position, Ms. Vanbenthuysen was directly supervised by the Defendant Ed Clarke, who was the Director of the Susquehanna University Development Department.

14. Defendant Ed Clarke had the authority to fire and discipline Ms. Vanbenthuysen.

15. As the Assistant Director of Foundation and Government Relations, Ms. Vanbenthuysen's job function was being responsible for helping to research, prepare, submit, track and manage grant proposals, reports, budgets and other materials to foundations, companies and government agencies.

16. More than ten years ago, Ms. Vanbenthuysen was diagnosed with Attention Deficit Disorder ("ADD") and has treated with a psychiatrist.

17. ADD is a serious health condition for purposes of the Family and Medical Leave Act.

18. Attention Deficit Disorder negatively affects a person's executive functioning, including the ability to plan, to manage time and attention, and to control interpersonal and social speech and skills.

19. Additionally, Ms. Vanbenthuysen suffered from seasonal depression and asked for accommodations at work, including an office with a window for the natural light.

20. While at work with Susquehanna University, Ms. Vanbenthuysen needed to use assistive technology to accommodate her executive functioning deficits and ADD, including the use of reminders and her calendar system.

21. She requested, but did not receive from Defendants, administrative assistance.

22. Because of her contributions to the success of Susquehanna University, Ms. Vanbenthuysen was awarded a raise on October 1, 2012, bringing her annual salary to $37,730.

23. The value of her benefits package was $15,738.64 per year.

24. According to Susquehanna University's "Total Compensation Statement" issued to Ms. Vanbenthuysen, her total compensation was $55,898.98 for Fiscal Year 2012-2013.

25. In the Spring of 2013, Ms. Vanbenthuysen began experiencing dizziness and tinnitus in her ear.

26. Medical testing revealed that the symptoms were caused by stress and anxiety.

27. In May of 2013, Ms. Vanbenthuysen requested a leave to care for her own serious health condition under the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq*. and submitted a Family and Medical Leave Act Certification of Health Care Provider to Defendants.

28. The FMLA Certification was completed by Ms. Vanbenthuysen's doctor.

29. According to the FMLA Certification, Defendants were informed that Ms. Vanbenthuysen could be unable to perform her job functions.

30. Defendants received the FMLA certification in May of 2013.

31. Ms. Vanbenthuysen was found to be an eligible employee under the FMLA, was on an FMLA leave until July 15, 2013.

32. During her FMLA leave, Ms. Vanbenthuysen used her accrued vacation and sick time to continue her pay and benefits during the FMLA leave.

33. After July 15, 2013, Ms. Vanbenthuysen's physician indicated she needed to use intermittent leave upon her return to care for her serious health conditions.

34. Defendants received Ms. Vanbenthuysen's intermittent leave request.

35. As such, she was cleared to work four days per week upon her return to work with Defendant Susquehanna University Upon her return from FMLA leave, Ms. Vanbenthuysen remained on intermittent leave, working Mondays, Wednesdays, Thursdays, and Fridays so that she could continue with medical treatment for her serious health conditions.

36. Upon Ms. Vanbenthuysen's return from FMLA leave in July 2013, she requested a meeting with Susquehanna University's Human Resources Department.

37. During the meeting with Human Resources, Ms. Vanbenthuysen requested that her job description be updated as she was expected to perform the job duties of two people.

38. Despite her complaints, nothing was done.

39. Instead, soon after complaining and exercising her rights to take FMLA leave, Ms. Vanbenthuysen was issued a negative performance review with a "needs improvement" rating.

40. In the Performance Improvement Plan, Ms. Vanbenthuysen was given __ days to correct her alleged performance deficiencies or be subject to further discipline.

41. Prior to issuing Ms. Vanbenthuysen a negative performance review, Defendants Susquehanna University and Clarke, as well as the Director of Human Resources, were aware of Ms. Vanbenthuysen's serious health conditions, need for accommodations and intermittent FMLA leave.

42. Thus, it is believed and averred that the negative performance review and written warnings were taken in retaliation for Ms. Vanbenthuysen exercising her right to FMLA leave.

43. After taking FMLA leave, on August 29, 2013, Ms. Vanbenthuysen was awarded only a 1% salary increase, bringing her annual salary to $38,107.

44. As a result of the negative performance review, Ms. Vanbenthuysen was given a written warning on September 30, 2013 and was required to submit weekly status reports and meet weekly with her supervisor, Defendant Ed Clarke.

45. While disagreeing with the performance warning, Ms. Vanbenthuysen did her best to comply with the requirements, even with the lack of accommodations for her disabilities/serious health conditions and being on an intermittent leave.

46. As of December 2013, Ms. Vanbenthuysen was working toward meeting her goals.

47. Despite her efforts, Ms. Vanbenthuysen was called into a meeting with Defendant Clarke and summarily fired on December 2, 2013.

48. Ms. Vanbenthuysen was told to leave immediately, was not permitted to say goodbye to her colleagues, and was not allowed to retrieve her personal belongings.

49. The termination of Ms. Vanbenthuysen's employment has negatively affected her and her family.

50. At the time of her termination, she earned $38,100 per year.

51. Prior to Susquehanna's termination of her, Ms. Vanbenthuysen had absolutely no intention of retiring from Susquehanna University and planned to work for Susquehanna until at least the age of 66.

52. Additionally, Ms. Vanbenthuysen is a mother of two, school-aged children.

53. A primary reason that Ms. Vanbenthuysen accepted employment with Susquehanna at a reduced annual salary was for the potential tuition benefits at Susquehanna, Bucknell University, or other private schools for her son who will be graduating from high school shortly.

54. Given Ms. Vanbenthuysen's family responsibilities, including her inability to relocate, it is unlikely that she will be able to secure a comparable position in the area.

55. At the time of Ms. Vanbenthuysen's termination, she still had accrued vacation time, FMLA time, and Defendant Susquehanna University maintained a personal leave of absence policy.

56. It is therefore believed and averred that Defendants fired Ms. Vanbenthuysen in retaliation for asserting her right to FMLA leave in 2013 to care herself and serious health condition.

57. Defendants' adverse actions against Ms. Vanbenthuysen, as more fully outlined herein, were willful violations of the Family Medical Leave Act.

58. After being fired from her position, Ms. Vanbenthuysen has been without much needed income and benefits.

59. Defendants' actions and violations were wanton, willful and malicious and have caused severe damage to Ms. Vanbenthuysen's career, her ability to support herself and her family, and have negatively impacted her health.

## COUNT I

### Willful Retaliation in
### Violation of the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(2)

***Against All Defendants***
***Collectively and Individually***

60.     Paragraphs 1 through 59 are incorporated herein by reference as though set

forth in full.

61.     Ms. Vanbenthuysen was at all times relevant hereto an eligible employee as

defined by the Family and Medical Leave Act as more fully outlined herein.

62.     Ms. Vanbenthuysen was employed for 12 months preceding the FMLA

leave.

63.     Ms. Vanbenthuysen worked more than 1,250 hours in the preceding 12

months prior to the FMLA leave.

64.     Ms. Vanbenthuysen had a serious health condition, as more fully outlined

herein.

65.     Defendant Susquehanna University at times relevant hereto was an

"employer" as defined by the Family and Medical Leave Act as more fully

outlined herein.

66.     Defendant Ed Clarke at times relevant hereto was an "employer" as defined

by the Family and Medical Leave Act as more fully outlined herein.

67. During her employment and prior to her discharge, Ms. Vanbenthuysen was eligible for FMLA leave, which was medically necessary to care for her own serious health condition as defined by the Family and Medical Leave Act.

68. As more fully outlined throughout this Complaint, Defendants negatively affected the terms, conditions, and privileges of Ms. Vanbenthuysen's employment after she exercised her right to take FMLA leave, as more fully outlined herein.

69. During her employment, Ms. Vanbenthuysen engaged in protected activity, including submitting an FMLA Certification of Health Care Provider indicating her need for FMLA leave beginning in May 2013 as more fully outlined herein.

70. Defendants took adverse actions against Ms. Vanbenthuysen after she took FMLA leave including giving her a negative performance evaluation, giving her a written warning, and firing her on or about December 5, 2013 as more fully outlined herein.

71. There is a causal connection between Ms. Vanbenthuysen's use of FMLA leave and the adverse actions as more fully outlined herein.

72. Ms. Vanbenthuysen has suffered harm as a result of the FMLA retaliation, including losing her salary and benefits as more fully outlined herein.

73. Thus, Defendants retaliated against Ms. Vanbenthuysen and negatively affected the terms, conditions, and privileges of Ms. Vanbenthuysen's employment after Ms. Vanbenthuysen exercised her right to take 12 weeks of FMLA leave to care for her own serious health condition, including terminating her from her position.

74. Additionally, Defendants retaliated against Ms. Vanbenthuysen for exercising her FMLA rights as is more fully outlined herein in violation of the FMLA, 29 U.S.C. § 2615(a)(2) and 29 C.F.R. § 825.220(c)

75. Defendants' actions against Ms. Vanbenthuysen were motivated by an impermissible retaliatory or discriminatory animus.

76. Defendants' violations of the FMLA were wanton, willful and malicious.

77. As a result of Defendant's willful violations of the FMLA, Ms. Vanbenthuysen has suffered, and is entitled to, damages.

78. Defendants engaged in the retaliatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Ms. Vanbenthuysen's statutory civil rights protected by federal law.

79. The acts complained of were extreme and outrageous, and were engaged in with malice and/or reckless indifference to Plaintiff's well being, thereby entitling her to liquidated damages.

80.    Thus, Defendants willfully violated the Family and Medical Leave Act when they retaliated against Ms. Vanbenthuysen for exercising her rights to receive FMLA leave to care for her own serious health condition.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Vanbenthuysen respectfully requests that this Court enter judgment in her favor and against the Defendants and direct the following relief:

1.    For a judgment declaring Defendants violated the Family and Medical Leave Act;

2.    For a money judgment representing damages, including lost wages, consequential damages, and all other sums of money, including retirement benefits and other employment benefits, together with interest thereon;

3.    For a money judgment representing liquidated damages to the extent available for the Defendants' respective willful violations of the Family and Medical Leave Act;

4.    For a money judgment representing prejudgment interest;

5.    For an Order directing Defendants to restore Ms. Vanbenthuysen and make her whole;

6.    For an Order directing Defendants pay relief to Ms. Vanbenthuysen in the form of reinstatement and front pay for those wages and benefits she would be receiving if she had not been improperly terminated and disciplined;

7.    That the Court retain jurisdiction over this action until the Defendants have fully complied with the Orders of this Court and that the Court require Defendants to file such reports as may be necessary to supervise such compliance;

8.    For the costs of suit, including an award of reasonable attorneys' fees;

9.    Award to Ms. Vanbenthuysen past and future damages for loss of income, past and future medical expenses, growth opportunities, and all benefits denied to her due to the improper and unlawful actions of the Defendants;

10.   Fine Defendants for their violations of state and federal law;

11.   For such other and further relief as may be just and proper, including all relief afforded for FMLA violations.

JURY TRIAL DEMANDED

Respectfully submitted,

/s/ Lisa Matukaitis, Esq.
Lisa Matukaitis, Esq.
PA BAR ID # 202467
MATUKAITIS LAW LLC
104 State Street
Harrisburg, PA  17101
 (717) 412-7759
lm@matlawllc.com
www.matlawllc.com

Dated:  July 31, 2014